IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUITY FORWARD**<br>85 Broad Street<br>New York, NY 10004,<br><br>    Plaintiff,<br><br>  v.<br><br>**DEPARTMENT OF HEALTH AND<br> HUMAN SERVICES**<br>200 Independence Avenue, S.W.<br>Washington, DC 20201,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

(1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Plaintiff seeks injunctive and declaratory relief to compel defendant Department of Health and Human Services to disclose requested agency records.

### Jurisdiction and Venue

(2) This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### The Parties

(3) Plaintiff Equity Forward is a watchdog organization that seeks to ensure transparency and accountability among anti-reproductive health groups and individuals who are actively working to deny people access to services. Equity Forward is based in New York, NY.

(4) Defendant Department of Health and Human Services ("HHS") is a department of the Executive Branch of the United States Government. Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Requests and Defendant's Lack of Responses**

(5) By letter to defendant dated February 6, 2018, plaintiff requested under the FOIA copies of agency records. Specifically, plaintiff requested:

[A]ll of the following records concerning the following HHS officials at any point between and including January 29, 2018 and February 5, 2018:

HHS Officials:

Alex Azar, Secretary
Peter Urbanowicz, Chief of Staff
Brian Harrison, Deputy Chief of Staff

Requested Records:

1. Any travel records concerning trips taken by these HHS Official;

a. This should include, but not be limited to: all records documenting itineraries, schedules, receipts, written approvals, accommodations, expenses, reimbursed costs and any other documents outlining any travel undertaken by the individuals during the stated time frame.

2. Any calendars noting times and dates of scheduled meetings involving these HHS officials, including lists of attendees for those meeting, at any point within the above time frame;

3. All digital correspondence and phone records involving any of these HHS officials at any point within the time frame.

a. "Digital correspondence" should include but not be limited to copies of all emails sent by, sent to, or carbon copying ("CC") any of these HHS officials and any correspondence sent by, or to any of these HHS officials via messaging platform(s), including but not limited to Google Hangouts (Gchat), Slack, Lync or Signal.

> 4. Any visitor log, sign in sheet or other document used to denote who visits employees of, enters or exits the U.S. Department of Health and Human Services. We request documents showing this information within the above time frame.

Plaintiff requested a waiver of processing fees associated with its FOIA request because "disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of government operations and is not primarily in the commercial interest of the requester."

(6) By email to plaintiff dated February 6, 2018, defendant acknowledged receipt of plaintiff's FOIA request described in ¶5. Defendant informed plaintiff that its FOIA request was assigned Case Number 2018-00565-FOIA-OS.

(7) By letter to defendant dated March 16, 2018, plaintiff requested under the FOIA copies of agency records. Specifically, plaintiff requested:

> [A]ll calendars or calendar entries, schedules and/or travel itineraries for the months of December 2017, January 2018 and February 2018 for the following HHS officials:
>
> ● Alex Azar, Secretary
> ● Brian Harrison, Deputy Chief of Staff
> ● Heidi Stirrup, Deputy Director, Office of White House Liaison
> ● March Bell, Chief of Staff for the Office for Civil Rights
> ● Margaret "Maggie" Wynne, Counselor
> ● Matthew "Matt" Bowman, Deputy General Counsel
> ● Peter Urbanowicz, Chief of Staff
> ● Paula Stannard, Counsel
> ● Roger Severino, Director of the Office for Civil Rights
>
> For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, notes, and attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar-paper or electronic, whether on government-issued or personal devices-used to track or coordinate how these individuals allocate their time on agency business.

Plaintiff requested a waiver of processing fees associated with its FOIA request because "disclosure of the requested information is in the public interest because it is likely to contribute

significantly to public understanding of government operations and is not primarily in the commercial interest of the requester."

(8)  By email to plaintiff dated March 16, 2018, defendant acknowledged receipt of plaintiff's FOIA request described in ¶7.  Defendant informed plaintiff that its FOIA request was assigned Case Number 2018-00746-FOIA-OS.

(9)  By letter to defendant dated April 24, 2018, plaintiff requested that it be classified as a "representative of the news media" within the meaning of the FOIA and the applicable HHS regulation, 45 CFR § 5.3, for purposes of assessing processing fees for its FOIA requests.

(10)  To date, plaintiff has not received determinations or any responses from defendant concerning the FOIA requests described in ¶¶5 and 7.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

(11)  Plaintiff repeats and realleges paragraphs 1-10.

(12)  Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA requests described in ¶¶5 and 7.

(13)  Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering determinations or responses to plaintiff's FOIA requests described in ¶¶5 and 7.

(14)  Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.  Order defendant Department of Health and Human Services to disclose all non-

exempt records responsive to plaintiff's FOIA request immediately, with all processing fees waived;

B. Issue a declaration that plaintiff is entitled to disclosure of the requested records;

C. Provide for expeditious proceedings in this action;

D. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*

5